GARY J. LORCH (SBN: 119989)
CONNIE K. CHANG (SBN: 280377)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
glorch@gordonrees.com
cchang@gordonrees.com

Attorneys for Defendant
NORTHSTAR LOCATION SERVICES, LLC

TODD M. FRIEDMAN (SBN 216752)
tfriedman@toddflaw.com
THOMAS E. WHEELER (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
245 Fischer Ave., Suite B4
Costa Mesa, CA 92626
Phone: 216-220-6496
Fax: 866-633-0228

Attorneys for Plaintiff
NATHANIEL MONTECALVO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MONTECALVO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHSTAR LOCATION SERVICES, LLC; DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 17-cv-00031-SJO-JPR<br><br>**JOINT RULE 26(f) STATUS REPORT**<br><br>**Complaint Filed**: January 3, 2017 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 and this Honorable Court's Order, the parties have met and conferred and hereby jointly submit the instant Rule 26(f) Status Report:

-1-
JOINT RULE 26(f) STATUS REPORT

i. <u>Nature of the Case</u>:

**Plaintiff:**

Plaintiff is informed and believes, and thereon alleges, that beginning in or around July 2015, Defendant called Plaintiff on his cellular telephone number ending in -9168 in an attempt to collect an outstanding debt alleged to be owed by Plaintiff. Plaintiff multiply told Defendant to cease placing calls to him, thus revoking consent such that Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). Despite this, Defendant continued to place calls to Plaintiff in an attempt to collect an alleged debt. Defendant's calls were placed via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1). Plaintiff alleges on behalf of himself and a proposed Class that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

**Defendant**:

As stated in its Answer, Defendant denies the material allegations in Plaintiff's Complaint and asserts various affirmative defenses.

ii. <u>Progress in the service of process</u>:

At this time, all named Defendants have been served.

iii. <u>Possible joinder of additional parties</u>:

At this time, the parties are not aware of any additional parties to be served, but reserve the right to do so pending the results of discovery.

iv. <u>Amendment of Pleadings</u>

At this time, the parties do not intend to amend the current operative pleadings this matter. However, the parties reserve the right to do so pending the results of discovery.

v. <u>Jurisdiction and Venue</u>:

**Plaintiff:**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331,

because this matter arises out of a question of federal law, in particular the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"). Venue is also appropriate in this district, as Plaintiff resides there and Defendant conducts business within the district.

**Defendant**:

At this time, Defendant lacks knowledge or information sufficient to either admit or deny that jurisdiction and venue are proper in this case.

    vi.    Anticipated Motions and the Scheduling of Motions:

Plaintiff will file a motion for class certification and requests a deadline of October 9, 2017 for doing so. Plaintiff may file a motion for summary judgment or adjudication should discovery present a basis for doing so. Defendant will file a motion for summary judgment or partial summary judgment, as supported by the facts developed through discovery.

The parties believe that all motion hearings will be completed by April 2018.

    vii.    Anticipated Discovery and Scheduling of Discovery**:**

    (1)    Disclosures:

The parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before April 7, 2017.

**Plaintiff:**

    (2)    Discovery Cut-Off:

Plaintiff does not believe that discovery should be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure. Plaintiff proposes that the discovery deadline be set for December 2017, at the time when Plaintiff intends for his Motion for Class Certification to be fully briefed. Plaintiff proposes that should the Honorable Court grant Class Certification, discovery relating solely to Class Identification and Notice be re-opened for a period of time, ending three (3) months later.

///

*Gordon & Rees LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

(3) Timing of Discovery:

Plaintiff does not believe that discovery should be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure. Plaintiff proposes that the discovery deadline be set for December 2017, at the time when Plaintiff intends for his Motion for Class Certification to be fully briefed. Plaintiff proposes that should the Honorable Court grant Class Certification, discovery relating solely to Class Identification and Notice be re-opened for a period of time, ending three (3) months later.

(4) Scope of Discovery:

Plaintiff will seek discovery regarding the following topics:

1. Defendant's account notes and call logs for Plaintiff;
2. Defendant's policies and procedures regarding cellular telephone numbers and tracking consent;
3. Defendant's policies and procedures regarding the usage of an autodialer to place calls to Plaintiff and putative Class Members;
4. The identity of the proposed putative Class and calls placed to them.

**Defendant:**

(2) Discovery Cut-Off:

Defendant believes that discovery deadlines should be set after the Court rules on Plaintiff's motion for class certification. Notwithstanding, should this Court wish to set discovery deadlines at this time, the parties believe that all fact discovery will be commenced in time to be completed by early 2018.

(3) Timing of Discovery:

Defendant proposes that factual discovery proceed in two phases. In the first phase, discovery would be limited to issues concerning class certification. In the event discovery concerning class certification issues overlaps with discovery concerning merits issues, the parties should meet and confer to resolve any dispute concerning what discovery is appropriate in the first phase. In the second phase,

1  the parties may take discovery concerning the merits of the claims.

2  The first phase of factual discovery should be completed by December 2017.
3  The second phase of factual discovery may commence after January 1, 2018 and
4  should be completed by March 31, 2018.

5  (4) Scope of Discovery:

6  Defendant will seek discovery regarding the following topics:

7  1. Whether Plaintiff consented to receiving calls from Defendant;

8  2. The timing, substance and circumstance of any phone calls or other
9  communications between Plaintiff and Defendant;

10 3. The amount of Plaintiff's damages, if any;

11 4. Whether common questions of law and fact predominate over issues
12 specific to each class member;

13 5. Whether Plaintiff is similarly situated as the putative class on whose
14 behalf he allegedly proceeds;

15 6. Whether Plaintiff's claims are typical of the putative class;

16 7. Whether Plaintiff is an adequate class representative.

17 (5) Limitation on Discovery:

18 **Plaintiff:**

19 Plaintiff does not believe that discovery should be conducted in phases or
20 limited except as provided by the Federal Rules of Civil Procedure.  Bifurcation of
21 discovery as between class certification and merits discovery is not appropriate in
22 this case.  Plaintiff respectfully submits that bifurcation of discovery is
23 problematic, results in unnecessary discovery disputes, places too much
24 discretionary power in the responding party, unnecessarily duplicates the discovery
25 process, and results in needless expense. *See In re Plastics Additives Antitrust*
26 *Litig., 2004-2 Trade Case (CCH)* P74, 620, 2004 U.S. Dist. LEXIS 23989, at *8-
27 *11 (E.D. Pa, 2004) ("bifurcation of discovery may well-increase litigation
28 expenses by protracting the completion of discovery, coupled with endless disputes

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-5-
JOINT RULE 26(f) STATUS REPORT

over what is 'merit' versus 'class' discovery'").

While this issue of bifurcation is a matter of the Court's discretion, the most recent Advisory Committee's Notes to F.R.C.P. Rule 23(c) specifically found that "it is appropriate to conduct controlled discovery into the 'merits' . . . without forcing an artificial and ultimately wasteful distinction between 'certification discovery' and 'merits discovery.'" Under the circumstances of this case, the Court would be required to resolve multiple disputes over whether discovery propounded relates to merits or to class certification, which will cause needless delay, and the Defendants will attempt to dictate what information Plaintiffs require for certification. *See e.g. Ho v. Ernst & Young*, 2007 U.S. Dist Lexis 37700 (N.D. Cal. 2007).

**Defendant**:

Some of the discovery relevant to Plaintiff's class claims involves personal and financial information of third-parties and potentially proprietary trade secret information for Defendant. Prior to any production it is necessary to have a protective order in place. Defendant has agreed to prepare and circulate a Stipulated Protective Order.

As noted above, Defendant proposes that the discovery should be conducted in two separate phases: class discovery and merits discovery. Accordingly, Defendant requests that, prior to the ruling on Plaintiff's anticipated class certification motion, the parties only engage in discovery that goes to the issues of class certification, and that the parties do not engage in merits-based discovery.

    (6)  Disclosure of Expert Witnesses and Information under Federal Rule of Civil Procedure 26 (a)(2) Due**:**

The parties believe that discovery deadlines should be set after the Court rules on Plaintiff's motion for class certification. Notwithstanding, should this Court wish to set discovery deadlines at this time, the parties believe that initial expert designations should be completed by May 31, 2018 and rebuttal expert

designations should be completed by June 31, 2018.

    (7)    **Scheduling:**

The parties believe that discovery and Trial/Pre-Trial deadlines should be set after the Court rules on Plaintiff's motion for class certification. Notwithstanding, should this Court wish to set Trial/Pre-Trial deadlines at this time, the parties believe that all fact discovery will be commenced in time to be completed by March 31, 2018; expert discovery will be completed by May 31, 2018; with Pre-Trial to be in July 2018 and Trial in August 2018.

    viii.    <u>Appropriateness of Special Procedures</u>**:**

None. The parties agree that this case should not be deemed complex and does not require reference to the procedures set forth in the Manual on Complex Litigation.

    ix.    <u>Trial</u>:

Plaintiff requests a trial by jury. The parties estimate that this case will take no more than three (3) days for trial on an individual basis and no more than five to seven (5-7) days for trial if a class is certified. It is anticipated that the case will be ready for trial by August 2018.

    x.    <u>Expedited Scheduling</u>:

The parties agree this case should not be handled on an expedited basis. The parties also agree that this case should not be deemed complex.

    xi.    <u>Related Cases</u>:

There are no related cases at this time.

    xii.    <u>Settlement and ADR</u>:

The parties agree to mediation under ADR auspices at the appropriate time. Defendant believes a settlement conference initiated by the Court after preliminary discovery is engaged may be fruitful. At this time, aside from discussing a potential mediation, no additional efforts have been made to otherwise settle or resolve this case.

xiii. Other Matters

None at this time.

Respectfully submitted this 27th day of March, 2017.

DATED: March 27, 2017      GORDON & REES, LLP


By:    */S/ Connie K. Chang*
      Gary J. Lorch
      Connie K. Chang
      Attorneys for Defendant
      NORTHSTAR LOCATION SERVICES, LLC

DATED: March 27, 2017      LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:    */S/ Thomas Wheelr*
      Todd M. Friedman
      Thomas Wheeler
      Attorneys for Plaintiff
      NATHANIEL MONTECALVO

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1132359/32124266v.1

-8-
JOINT RULE 26(f) STATUS REPORT